# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**TERRANCE ROBINSON**,<br><br>Defendant. | Case No. 7:13-CR-2 (HL) |

## ORDER

Before the Court is Defendant Terrance Robinson's Motion for Sentence Reduction (Docs. 53, 64), filed pursuant to 18 U.S.C. § 3582, Sentencing Guideline § 1B1.10, and Amendment 782. Defendant requests that his 360-month sentence be reduced to 292 months.[1] For the reasons discussed herein, the Court **DENIES** Defendant's motion.

## I.   BACKGROUND

On July 29, 2013, Defendant Terrance Robinson pled guilty to a single count indictment, which charged him with possession with intent to distribute cocaine base in an amount exceeding 280 grams in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii). As a part of his plea agreement, Defendant

---

[1] In his motion, Defendant requests that his sentence be reduced to 262 months, stating that his new sentencing range should be 262 to 327 months, based on a total offense level of 35 and a criminal history category of five (V). However, in replying to the Government's response, Defendant concedes that the original calculation was in error. The correct revised guideline range is 292 to 365 months, based on an offense level of 35 and a criminal history category of six (VI).

stipulated that he was responsible for 404.2 grams of crack cocaine. (Doc. 27, p. 10). He further admitted that in the course of his arrest, he attempted to flee from the police, stealing a patrol car and leading police in a car chase. (Id.). During the pursuit, Defendant hit another police unit head-on. (Id.). A deputy continued to chase Defendant until he ultimately exited the car and fled on foot. (Id.). Defendant was apprehended shortly thereafter. (Id.).

Prior to sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR"). (Doc. 36). The PSR assigned a base level offense of 32, pursuant to U.S.S.G. § 2D1.1(a)(5) and (c)(4) because Defendant was accountable for at least 280 grams but less than 840 grams of cocaine base. (Id. at ¶ 21). A six-level enhancement was applied for assaulting a police officer during the flight from his offense. (Id. at ¶ 23). Another two-level enhancement was applied for creating a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer. (Id. at ¶ 25). The adjusted offense level of 40 was decreased to a final offense level of 37 after assessing a three-point reduction for acceptance of responsibility. (Id. at ¶¶ 40, 28-31). Based on a total offense level of 37 and a criminal history category of six (VI),[2] Defendant's advisory guideline sentencing range became 360 months to life. (Id. at ¶ 63).

---

[2] Defendant's criminal convictions resulted in a subtotal criminal history category of 9. (Doc. 36, ¶ 47). His criminal history score was increased two points to 11

Defendant filed no objections to the PSR, nor did counsel for Defendant raise any objections to the PSR or the guideline calculations at the October 28, 2013 sentencing hearing. Defense counsel did argue for a downward variance, remarking that 360 months to life "is a very long period of time for an individual that is a retail drug dealer more than anything, as opposed to being a true drug kingpin, having a number of people underneath him selling for him and things of that nature." (Doc. 46, p. 5-6). Defense counsel further pointed out that on the date of Defendant's arrest, law enforcement initially observed Defendant transporting powder cocaine. (Id. at p. 7). He was not arrested until after the powder cocaine had been cooked to produce crack. (Id.). Had Defendant been arrested with the powder cocaine, his guideline range would be lower. (Id.). Additionally, Defendant's flight from police was an adrenaline response, he had no malicious intent to harm anyone, and he immediately apologized. (Id. at p. 4, 7). The Court rejected these arguments and, after accepting the PSR, sentenced Defendant to a term of imprisonment of 360 months. (Id. at p. 9-10). The sentence "was imposed based on the nature, circumstances and seriousness of the Offense, to promote respect for the law to deter criminal conduct and to protect the public." (Id. at p. 10). Defendant waived his right to appeal. (Doc. 41).

---

because he was under a criminal justice sentence for probation at the time he committed the offense of conviction. (Id.). A criminal history score of 11 results in a criminal history category of five (V). (Id.). But, Defendant is a career offender, which increased his criminal history category to a level six (VI). (Id.).

On June 27, 2016, Defendant filed a pro se motion for sentence reduction pursuant to Amendment 782 (Doc. 53), a retroactive guideline amendment that became effective on November 1, 2014, and had the effect of reducing the base offense levels for all drug offenses. After conducting a preliminary review of Defendant's motion and determining that he was entitled to having his guideline range recalculated in accordance with 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(c) and Amendment 782, the Court appointed the Federal Defender to represent Defendant. (Doc. 62). As directed by the Court, appointed counsel filed a supplemental motion (Doc. 64), which is now before the Court.

## II.  DISCUSSION

Under 18 U.S.C. § 3582(c)(2), a district court may modify a term of imprisonment when the original sentencing range has been subsequently lowered as a result of an amendment to the Sentencing Guidelines. 18 U.S.C. § 3582(c)(2). To be eligible for a sentencing reduction under § 3582(c)(2), a defendant must identify an amendment to the Sentencing Guidelines that is listed in U.S.S.G. §1B1.10(d). U.S.S.G. § 1B1.10(a)(1). Amendment 782 reduced the base offense level for most drug offenses by two levels. U.S.S.G. § 1B1.1(d); U.S.S.G. App. C, Amend. 782 (2014).

When considering a motion for sentence reduction, a district court must follow a two-step process. United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). First, the court must "determin[e] a new base level by substituting the

4

amended guideline range for the originally applied guideline range, and then us[e] that new base level to determine what ultimate sentence it would have imposed." Id. At the first step, only the amended guideline range is changed – "'[a]ll other guideline application decisions made during the original sentencing remain intact.'" Id. (quoting United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998), cert. denied, 525 U.S. 1113 (1999)). Second, the district court must decide whether, in its discretion and in light of the 18 U.S.C. § 3553(a) sentencing factors, to retain the original sentence or to resentence the defendant under the amended guideline range. Id. at 781.

At step one, Defendant and the Government agree that as a result of Amendment 782, Defendant's base level offense is reduced from 37 to 35. A base level offense of 37 and a criminal history category of six (VI) produces a new advisory guideline range of 292 to 365 months. At step two, however, the parties dispute whether a sentencing reduction is warranted. Defendant points out that the Court's original sentence of 360 months imposed a sentence at the bottom of the guideline range. Defendant argues that, leaving all other original sentencing determinations unchanged, substituting the amended guideline range should again result in a sentence at the bottom of the revised range, or 292 months. Defendant further urges the Court to take into consideration Defendant's post-sentencing conduct relating to his efforts at rehabilitation, including the

completion of his GED and 123 hours of rehabilitative classes.[3] The Government maintains that a sentence of 360 months, which falls within the amended guideline range, remains an appropriate sentence, taking into consideration the circumstances and seriousness of the offense, the need to provide just punishment, and the need to protect the public from future crimes of Defendant.

In consideration of the § 3553(a) sentencing factors, the Court concludes that a sentence reduction is not warranted in this case. The original sentence of 360 months falls within the amended guideline range of 292 to 365 months and accurately reflects "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Defendant stipulated in his plea agreement to possessing a significant quantity of crack cocaine. He also admitted to attempting to flee arrest and, in the process avoiding apprehension, stealing a police car, engaging in a high speed chase, and driving head-on into another police vehicle, injuring several officers. Taking this conduct into consideration along with Defendant's criminal history and the sentencing factors found at 18 U.S.C. § 3553(a), the Court finds that a 360-month sentence adequately reflects the seriousness of the offense and promotes

---

[3] While the district court is permitted to consider post-sentencing conduct, the court is not required to do so. See United States v. Williams, 557 F.3d 1254, 1256 (11th Cir. 2009) ("[T]he district court . . . may consider the defendant's post-sentencing conduct, in evaluating whether a reduction in the defendant's sentence is warranted and the extent of any such reduction."); U.S.S.G. 1B1.10, comment. (n. 1(B)(iii)).

respect for the law, provides just punishment for the offense, affords adequate deterrence to criminal conduct, and protects the public from further crimes of Defendant. 18 U.S.C. § 3553(a)(2)(A)-(C). Defendant's motion for sentence reduction is accordingly **DENIED**.

## III. CONCLUSION

For the foregoing reasons, Defendant Terrance Robinson's Motion for Sentence Reduction (Docs. 53, 64) is **DENIED**. Defendant's sentence shall remain at a term of 360 months.

**SO ORDERED** this 19th day of January, 2018.

*s/ Hugh Lawson*_____
**HUGH LAWSON, SENIOR JUDGE**

aks